IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRUCE L. WEST,<br><br>    Plaintiff,<br><br>v.<br><br>CARAVELS, LLC, *et al.*,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-02917-VMC-RGV |

**ORDER**

This matter is before the Court on the Final Report and Recommendation of Magistrate Judge Russell G. Vineyard ("R&R," Doc. 22). This lawsuit arises from allegations of racial discrimination in the workplace, and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 ("§ 1981"). (Doc. 1).

On October 25, 2021, Caravels, LLC and Virginia Transformer Corp. ("VTC") (collectively "Defendants") moved to dismiss West's lawsuit for improper venue, or sought alternatively, to transfer the lawsuit to the Southern District of Georgia (the "Southern District"). Defendants argued that venue is only proper in the Southern District because the alleged wrongful conduct occurred there, and West's personnel file and related documents are maintained in that district. (Doc. 14). Alternatively, if the Court found venue is proper, Defendants

argued that the Magistrate Judge should exercise his discretion and, in the interest of justice, transfer the lawsuit to the Southern District. *(Id.)* West opposed Defendants' motion, responding that venue is proper in this District because the alleged wrongful conduct occurred, at least in part, at Defendants' manufacturing facility in Rincon, Georgia. Title VII's special venue provision permits a plaintiff to bring his case in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). West also opposed Defendants' request to transfer venues because he resides in this District, and courts usually give great deference to a plaintiff's choice of forum when he resides in the district where the case is filed. (Doc. 18).

The Magistrate Judge agreed with West that venue is proper in this District and any other district in Georgia. (Doc. 22). However, after applying the relevant factors, the Magistrate Judge concluded that the factors weighed in favor of transferring the case to the Southern District. (*Id.*). No objections were filed to the Magistrate Judge's R&R.

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's Report and Recommendations for clear error if no objections are filed to the report, and it may "accept, reject, or modify" the magistrate's findings and recommendations. Where the parties do not file any objections, Section 636 does not require the

district court to review any issue in dispute de novo. Having reviewed the Magistrate Judge's R&R for clear error (Doc. 22), the Court finds no clear error.

For the reasons above, the Court **ADOPTS** the Magistrate Judge's R&R (Doc. 22) as an Order of the Court. The Clerk is **DIRECTED** to transfer this case to the United States District Court for the Southern District of Georgia, Savannah Division.

**SO ORDERED** this 22nd day of August, 2022.

_____
Victoria Marie Calvert
United States District Judge